UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| THOMAS R. SORIA, JR., | ) | |
| Plaintiff, | ) | 3:09-cv-00762-RCJ-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | ) | |
| Defendants. | ) | |

Before the Court are Defendants' Notice of Removal (Docket #1), Plaintiff's Pro Se Civil Rights Complaint (Docket #1, Exhibit B) and plaintiff's motion for leave to proceed with discovery (docket #6) and motion to compel discovery (docket #8).

**I.   Removal of this Action was Proper**

Plaintiff, an inmate at Northern Nevada Correctional Center, filed a *pro se* civil rights complaint on November 9, 2009, in the Sixth Judicial District Court of the State of Nevada in the County of Pershing. Defendant Jack Palmer was served on or about December 1, 2009, and defendants Howard Skolnick and Don Helling were served on December 2, 2009. Defendants filed a Notice of Removal in this Court on December 31, 2009 (docket #1). "The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C.

///

///

1 § 1331. Plaintiff has alleged a violation of his rights under the U.S. Constitution. Defendants
2 appropriately removed the action to this Court pursuant to 28 U.S.C. § 1441, as this Court has original
3 jurisdiction over the claims raised in the complaint.

4 **II.      Screening of the Complaint**

5       The complaint must be screened pursuant to 28 U.S.C. §1915A. Federal courts must
6 conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity
7 or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must
8 identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
9 upon which relief may be granted or seek monetary relief from a defendant who is immune from such
10 relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri*
11 *v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988). To state a claim under 42 U.S.C. § 1983, a
12 plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the
13 United States was violated, and (2) that the alleged violation was committed by a person acting under
14 the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

15       In addition to the screening requirements under § 1915A, a federal court must dismiss
16 a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"
17 "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who
18 is immune from such relief." 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1), (2). Dismissal of a
19 complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule
20 of Civil Procedure 12(b)(6), and the Court applies the same standard when reviewing the adequacy of
21 a complaint or amended complaint.

22       Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*
23 *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim
24 is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that
25 would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making
26 this determination, the Court takes as true all allegations of material fact stated in the complaint, and the

Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

In the instant complaint, plaintiff alleges that his rights to free exercise of religion and to equal protection under the law were violated by defendants in their continuing refusal to provide an outdoor area for use in observation of the Jewish High Holy Day activities of Sukkot, including provision of funds, donations or material for a Sukkot Booth. He alleges that other religions within the prison have been afforded outdoor spaces and materials to practice their religion. He contends that the various defendants were responsible for the wrongs he has suffered.

A state is not a "person" subject to suit under 42 U.S.C. §1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 68-69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66, 71 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir.) (*en banc*), *cert. denied*, 510 U.S. 946 (1993). Likewise, a state government agency -- an "arm of the state" -- is not a "person" subject to suit under Section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will*, 491 U.S. at 70; *Hale*, 993 F.2d at 1398-99. Thus, the Nevada Department of Corrections may not be named in this action as a defendant. The NDOC shall be dismissed.

Prisoners are protected by the Equal Protection clause of the Constitution from intentional discrimination on the basis of their religion. *Freeman v. Arpaio*, 125 F.3d 732 (9th Cir. 1997). Furthermore, in order to establish a violation of a prisoner's right to free exercise of his religious beliefs, the prisoner must show that the defendants burdened the practice of his religion by preventing the prisoner from engaging in conduct mandated by his faith. *Id.* Under the RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution... even if the burden results from a rule of general applicability, "unless the government establishes that the burden furthers "a compelling government interest," and does so by "the least restrictive means." *Warsoldier v. Woodford*, 418 F.3d 989. It appears that plaintiff has stated a claim

3

1 under the First and Fourteenth Amendments providing for the free exercise of religion and prohibiting
2 discrimination by state actors on the basis of religion.
3       The matter shall proceed on the plaintiff's claims for relief against defendants Skolnik,
4 Palmer, and Helling.
5       The plaintiff's motion for leave to proceed with discovery and to compel discovery shall
6 be denied without prejudice. The defendants shall be allowed to answer and the matter shall proceed
7 in the normal course thereafter.
8       **IT IS THEREFORE ORDERED** that this action may proceed on the complaint.
9       **IT IS FURTHER ORDERED** that the Nevada Department of Corrections is
10 **DISMISSED.**
11       **IT IS FURTHER ORDERED** that defendant(s) shall file and serve an answer or other
12 response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If
13 the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days**
14 following the order declining mediation.
15       **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND**
16 **FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from
17 the date of entry of this order.
18       **IT IS FURTHER ORDERED** that the motion for leave to proceed with discovery
19 (docket #6) and the motion to compel discovery (docket #8) are **DENIED**.
20       DATED this 19th day of October, 2010.

                                                                          UNITED STATES DISTRICT JUDGE

Name
_____
Prison Number (if applicable)
_____
Address
_____
_____
_____

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____,  )   Case No. _____
            Plaintiff,     )
                         )
v.                                                      )   **NOTICE OF INTENT TO**
                         )   **PROCEED WITH MEDIATION**
_____   )
_____   )
           Defendants.    )
_____)

      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.    Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

      _____

      _____

      _____

3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

      _____

      _____

      _____

5

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or
helped prepare this document

6